UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60659-CIV-COHN/SELTZER

THOMAS HEINRICH, et al.,

       Plaintiffs,

vs.

HSBC BANK USA, N.A.,

       Defendant.

_____/

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS CAUSE** is before the Court *sua sponte*.

The following motions are currently pending before the Court:

1.    HSBC Bank, as Trustee's Motion to Stay or Dismiss Pending Resolution of State Court Action [DE 15].

2.    The Motion to Intervene filed by HSBC Bank, USA, N.A., as Trustee in Trust for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2004-HE3 Asset Backed Pass-Through Certificates [DE 16].

3.    Plaintiffs' Motion for Default Summary Judgment [DE 17].

4.    Defendant's Motion to Set Aside Clerk's Entry of Default [DE 38].

5.    Petitioners' Motion for Enlargement of Time to Respond to Proposed Intervenor HSBC Bank USA N.A. as Trustee's Pending Motions [DE 42].

The Court has reviewed these motions, as well as other relevant portions of the case file, and is otherwise advised in the premises.  Upon review, however, the Court will not rule on the merits of these pending motions, as Plaintiffs' claims do not invoke

this Court's subject matter jurisdiction.  Instead, the case will be dismissed and the pending motions denied as moot.

## I.      Standard

Federal courts have limited jurisdiction.  They do not—and indeed may not— handle any case that a would-be plaintiff may bring.  "The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101 (1998).  The law leaves certain cases to the state courts.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  They are "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Id.; see also Mair v. Wells Fargo Bank NA, No. 13-24265-Civ., 2014 WL 1328405, at *2 (S.D. Fla. Mar. 28, 2014).

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).   It should do so "at the earliest possible stage in the proceedings."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Once a federal court determines that it without subject matter jurisdiction, "the court is powerless to continue."  Bochese, 405 F.3d at 974–75.

## II.       Plaintiffs' Claims

The operative pleading in this case is a three-page document entitled "Petition for Declaration of Non-Debt and Non-Liability" [DE 1], filed March 14, 2014.  It names HSBC Bank USA, N.A. ("HSBC"), as a "respondent."  However, it alleges that Plaintiffs (styled "Petitioners") "have [n]ever had a banking or creditor/debtor relationship with HSBC Bank USA, N.A.," and that Plaintiffs and HSBC agree about this fact.  [Id. at 2.] Instead, Plaintiffs allege that "[t]hird parties however have made claims that debts are owed to HSBC and have filed and recorded liens" against Plaintiffs' property.  [Id.] Plaintiffs emphasize that neither they nor "HSBC Bank USA, N.A. [nor] HSBC Bank USA N.A. Trust Division believe these liens were created by HSBC employees or agents, and all agree there are no sums due to HSBC" from Plaintiffs.  [Id.]  Plaintiffs ask the Court to enter a declaratory judgment establishing that Plaintiffs owe no money to HSBC.  This document includes a section entitled "Jurisdiction and Venue" in which Plaintiffs state that the action is "authorized under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201–2202."  [Id. at 1.]

On August 29, 2014, Plaintiffs filed a document entitled "Supplemental [sic] Complaint to Add Additional Defendants" [DE 41] ("Supplemental Complaint"), which purports to add defendants to this suit and substantially changes Plaintiffs' allegations. In it, Plaintiffs allege that HSBC and several presumably related corporations[1] have somehow wronged them.  Plaintiffs allege that the Defendants "[i]n a capacity and fashion yet to be determined" caused bogus liens to be asserted against Plaintiffs' real

---

[1]        Specifically, Plaintiffs name "HSBC Bank Inc.; HSBC North America Holdings Inc.; Wells Fargo Bank, N.A. d/b/a HSBC Bank USA, N.A.; Wells Fargo Bank, N.A. d/b/a HSBC Bank USA, N.A., as Trustee; [and] Wells Fargo and Company."  [DE 41 at 1.]

property "in a manner so as to cloud the titled of said property."  [Id. at 1.]  Plaintiffs also allege that Defendants have somehow used these liens "to obtain monies" from Plaintiffs, and that Defendants have evaded taxes.  [Id. at 1–2.]

This Supplemental Complaint was filed without leave of Court, see Fed. R. Civ. P. 15, and has not been served on any of the additional defendants it names. Nevertheless, the Court has considered the Supplemental Complaint in determining whether Plaintiff's claims may fall within this Court's jurisdiction.

## III.    Discussion

Plaintiffs' claims, even liberally construed,[2] do not come within the Court's subject matter jurisdiction.   As a threshold matter, "[t]he Declaratory Judgment Act does not provide an independent basis of subject matter jurisdiction." Mathews Int'l Corp. v. Biosafe Engineering, LLC, 695 F.3d 1322, 1327–28 (Fed. Cir. 2012) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–72 (1950)); see also Eldeeb v. Chertoff, 619 F. Supp. 2d 1190, 1210 (M.D. Fla. 2007) (same).  Instead, "[i]ts remedy may lie only if the court has jurisdiction from some other source."  Mathews Int'l Corp., 695 F.3d at 1328 (internal quotation marks omitted).

The Court therefore turns to other potential sources of subject matter jurisdiction. It finds them lacking.  Other than the Declaratory Judgment Act, Plaintiffs allege no federal statute that confers jurisdiction over their case upon this Court.  Plaintiffs also do not sue to vindicate a right under federal statute or the United States Constitution.

---

[2]       "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted).

Finally, even accepting the well-pleaded allegations in Plaintiffs' Petition and

Supplemental Complaint as true, they do not establish diversity jurisdiction under 28

U.S.C. § 1332.  For this Court to have diversity jurisdiction, the matter in controversy

must exceed $75,000 and be between citizens of different States.  Id.  Neither of

Plaintiffs' pleadings "contain[s] any allegations regarding the amount in controversy."

Mair, 2014 WL 1328405, at *3.  And they do not address the citizenship of the Plaintiffs

or any of the Defendants.  Because Plaintiffs' pleadings "fail[] to invoke the jurisdiction

of the court," they "must be dismissed."  Id.

**IV.**     **Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs' Petition [DE 1] is **DISMISSED** for lack of subject matter

jurisdiction.

2.      The Clerk shall **CLOSE** this case and **DENY** all pending motions as

**MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 24th day of September, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF
and to pro se parties via United States mail.